HEAD & SEEMANN, INC., a Wisconsin corporation,
Plaintiff-Appellant-Respondent,

v.

Bettye J. GREGG, Defendant-Respondent-Petitioner.

Supreme Court

*No. 80–1572. Argued February 3, 1982.—Decided April 27, 1982.*

(Also reported in 318 N.W.2d 381.)

For the defendant-petitioner there were briefs by *George W. Love* and *Love & Love* of Waukesha, and oral argument by *George W. Love.*

For the plaintiff-appellant there was a brief by *Timothy J. Aiken, Mark A. Swartz* and *Samster, Aiken, Peckerman, Swartz & Mawicke, S.C.*, of Milwaukee, and oral argument by *Timothy J. Aiken.*

PER CURIAM. The issue posed in this review is whether a defrauded vendor of real estate (Head & Seemann, Inc.) who obtains rescission of the land contract and restitution of the land *in specie* may also recover money damages for the rental value of the land for the

period of the purchaser's (Bettye J. Gregg's) possession and for vendor's out-of-pocket expenses. The circuit court for Waukesha county, John B. Danforth, Circuit Judge presiding, dismissed the vendor's claim for money damages, holding that the election of remedies doctrine barred an action for damages in addition to an action for rescission and ejectment.

The court of appeals reversed the order of the circuit court, reasoning that the election of remedies doctrine is justifiably subject to considerable criticism and is applicable only where necessary to prevent double recovery.

The court of appeals concluded that the vendor is entitled not only to *in specie* restitution but also to restitution in the form of money damages representing the benefit which flowed directly to the purchaser, namely the rental value of the property used by the purchaser. Restatement of Restitution sec. 157 (1937); Restatement (Second) of Contracts sec. 345, comment *c* (1979). These money damages are a necessary measure of restitution to prevent the unjust enrichment of the purchaser.

The court of appeals further concluded that the vendor may be entitled to out-of-pocket expenses, the nature of which are not set forth in the complaint. Such expenses may be recovered as damages even if the expenses do not directly benefit the purchaser, as long as they do not constitute a double recovery, *e.g.,* they are not part of the recovery of the real estate or the rental value, and as long as they do not constitute a recovery of the benefit of the bargain.

The opinion of the court of appeals is well reasoned and persuasive, and we adopt it as the opinion of this court. See *Head & Seemann, Inc. v. Gregg,* 104 Wis. 2d 156, 311 N.W.2d 667 (Ct. App. 1981).

The decision of the court of appeals is affirmed and the case remanded to the circuit court for further proceedings not inconsistent with the opinion.

CECI, J., took no part.